**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

v.

EMAD HAMDAN,

              Defendant.

_____/

Case: 5:26−cr−20365
Assigned To : Levy, Judith E.
Referral Judge: Patti, Anthony P.
Assign. Date : 6/10/2026
Description: INFO USA v. Hamdan (jo)

<u>Violations:</u>
18 U.S.C. § 1349

## <u>Information</u>

The United States Attorney charges that:

### <u>Count One</u>
### Conspiracy to Commit Health Care Fraud
### 18 U.S.C. §§ 1349

1.      From in or around February 2019, through September 2024, in the Eastern District of Michigan, and elsewhere, defendant EMAD HAMDAN, knowingly conspired with other persons and entities known and unknown to the Grand Jury to commit health care fraud against the United States in violation of Title 18, United States Code, Section 1347, specifically, to knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud health care benefit programs affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, Medicare drug plan sponsors, Medicaid,

1

Medicaid health plans, and BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, by submitting or causing the submission of false and fraudulent claims to Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS.

## Purpose of the Conspiracy

2.      It was the purpose of the conspiracy for EMAD HAMDAN and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting, and causing the submission of, false and fraudulent claims of Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS that were: (i) medically unnecessary, (ii) not actually dispensed, (iii) not ordered by a physician, and/or (iv) ineligible for reimbursement; (b) concealing, and causing the concealment of, the submission of false and fraudulent claims to Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS, and the receipt and transfer of the proceeds of

2

the fraud; and (c) diverting fraud proceeds for the personal use and benefit of the defendant and her co-conspirators, and to further the fraud.

## Manner and Means of the Conspiracy

3.      EMAD HAMDAN was the shadow supervisor for Medex Pharmacy ("Medex"), which was located at 13530 Michigan Avenue, Dearborn, MI 48126.

4.      Others involved in the conspiracy, on behalf of Medex, maintained pharmacy provider agreements with PBMs like CVS Caremark, OptumRx, Express Scripts, Humana, and others.

5.      Others involved in the , on behalf of Medex, falsely certified to Medicaid that they would operate in compliance with all Medicaid rules and regulations, including applicable federal laws.

6.      EMAD HAMDAN and others, through Medex, supervised the submission and/or caused the submission of false and fraudulent claims to Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS, even though the prescribe drugs were

medically unnecessary and/or not actually dispensed. In many instances, Medex lacked the inventory to dispense these drugs.

7.      EMAD HAMDAN and others, through Medex, supervised the submission and/or caused the submission of false and fraudulent claims to Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS for prescription drugs that were, in fact, never ordered by a submission.

8.      Between on or about January 2019, through September 2024, EMAD HAMDAN and others, through Medex, supervised the submission and/or caused the submission of false and fraudulent claims to Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS totaling at least $1,900,000 when such drugs were

4

medically unnecessary, not actually dispensed, not ordered by a physician and/or ineligible for reimbursement.

9.      EMAD HAMDAN personally profited from his participation in the scheme, directly or indirectly, by receiving fraud proceeds for the personal use and benefit of himself and others.

10.      Fraud proceeds were deposited into bank accounts controlled by EMAD HAMDAN, in the Eastern District of Michigan.

All in violation of Title 18, United States Code, 1349.

## FORFEITURE ALLEGATIONS
**18 U.S.C. § 982(a)(7); 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)**

11.      The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(7).

12.      Upon conviction of the offense in violation of 18 U.S.C. § 1349 set forth in Count 1 of this Information, defendant, EMAD HAMDAN, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived,

5

directly or indirectly, from gross proceeds traceable to the commission of the offense.

13.     The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

14.     Upon conviction of the offense in violation of 18 U.S.C. § 1349 set forth in Count 1 of this Information, defendant, EMAD HAMDAN, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal,

which constitutes or is derived from proceeds traceable to defendant's violation.

15.      If any of the property described above, as a result of any act or omission of defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be

divided without difficulty, the United States of America shall be

entitled to forfeiture of substitute property pursuant to 21 U.S.C. §

853(p), as incorporated by and 18 U.S.C. § 982(b)(1).


JEROME F. GORGON JR.
United States Attorney


s/John K. Neal
John K. Neal
Chief, Anti-Corruption Unit

s/Jason Dorval Norwood
Jason Dorval Norwood
 Assistant United States Attorney


Dated: June 10, 2026

| United States District Court **Eastern District of Michigan** | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** 26-cr-20065 |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)[1]**: | **Judge Assigned:** Matthew F. Leitman |
| ☒ Yes   ☐ No | **AUSA's Initials:** JDN |

**Case Title:** USA v. Emad Hamdan

**County where offense occurred :** Wayne

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

_____Indictment/_____Information --- **no** prior complaint.
_____Indictment/_____Information --- based upon prior complaint [**Case number:**                    ]
_____Indictment/_____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____   **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

June 10, 2026
Date

s/Jason Dorval Norwood

Jason Dorval Norwood
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: (313) 226- 9587
Fax:
E-Mail address: jason.norwood@usdoj.gov
Attorney Bar #:

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.